UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE YOUNG,

   Plaintiff,

   v.   CAUSE NO. 3:22-CV-751-DRL-MGG

OTT *et al.*,

   Defendants.

OPINION AND ORDER

Jermaine Young, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Young is a Muslim inmate housed at the LaPorte County jail. He fasted for Ramadan while at the jail, and he wanted to participate in a feast at the end of Ramadan, as his religion requires, but the jail refused to provide a feast. On April 13, 2022, he addressed a pre-grievance request to Sgt. John Wilcher explaining that the feast was mandatory and asking when it would take place. On April 19, 2022, he sent another pre-grievance request to Sgt. Wilcher explaining that his religion required a feast at the end

of Ramadan, which would be May 2, 2022. His request indicated that he was reminding Sgt. Wilcher and the kitchen staff of the need for a feast. On April 19, 2022, Sgt. Wilcher indicated that he was aware of the need for a feast, but the jail wouldn't be sponsoring the feast. Instead, Mr. Young would need to buy what he wanted for the feast from commissary.

Mr. Young filed a formal grievance directed to Officer Ott on April 26, 2022. Emilie Van Syoc responded by indicating that Mr. Young had already been told that a feast wouldn't be provided. Mr. Young appealed, and Jeffrey Holt responded to the appeal by indicating that they weren't prohibiting Mr. Young's freedom of religion; they were only saying that they wouldn't be providing the feast for him. Mr. Young notes that members of the Christian faith are treated more favorable than Muslims in that the jail passes out bags of food for the Christmas holiday but refuses to provide a similar benefit for Muslim feasts.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Furthermore, the

Equal Protection Clause and the Establishment Clause prohibit defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009); *Kaufman v. McCaughtry,* 419 F.3d 678, 683-84 (7th Cir. 2005). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015).

Mr. Young hasn't stated a claim under the Free Exercise Clause or even the broader protections of RLUIPA because he wasn't prohibited from participating in a feast; it simply wasn't provided to him free of charge. *See Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) (RLUIPA is "directed at obstructions institutional arrangements place on religious observances, [it] does not require a State to pay for an inmate's devotional accessories." ); *Charles v. Verhagen*, 348 F.3d 601, 605 (7th Cir. 2003) (concluding RLUIPA allows an inmate to possess prayer oil *that he bought himself*); *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("[T]here is no constitutional entitlement to subsidy.").

However, he has alleged that members of the Christian faith are treated more favorably than members of the Muslim faith, so he may proceed against Sgt. John Wilcher, Officer Ott, Jeffrey Holt, and Emilie Van Syoc on a claim under the Equal Protection Clause and the Establishment Clause. *Perez v. Frank*, 433 F. Supp. 2d 955, 966 (W.D. Wis. 2006) (granting leave to proceed on a claim that respondents "violated his rights under the establishment clause of the First Amendment by depriving him of Halaal food and dates during Ramadan, 'Eid al-Fitr and 'Eid ul-Adha, while providing special foods to non-Muslim inmates for their religious feast days."). He may also proceed against the LaPorte County Sheriff in his official capacity for permanent injunctive relief to receive benefits during Ramadan equal to those provided to Christian inmates during their religious holidays, as required by the Equal Protection Clause and Establishment Clause. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022).

Mr. Young's complaint also mentions that, on April 2, 2022, he asked for a kufi and prayer rug. His request was denied due to the material of the items. It is unclear if he was told that he couldn't possess any kufi or prayer rug, or if his request for specific items was denied due to the material that they were made from. Furthermore, Mr. Young doesn't indicate who denied his request. Because these allegations are vague and not linked to any particular defendant, he can't proceed on a First Amendment claim. However, he will be permitted to proceed under RLUIPA on a claim for injunctive relief against the LaPorte County Sheriff in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022).

For these reasons, the court:

(1) DIRECTS the clerk to add the LaPorte County Sheriff in his official capacity as a defendant;

(2) GRANTS Jermaine Young leave to proceed against Sgt. John Wilcher, Officer Ott, Emilie Van Syoc, and Jeffrey Holt in their individual capacities for denying Jermaine Young the same benefits during Ramadan as are provided to Christian inmates during their religious holidays, in violation of the Equal Protection Clause and Establishment Clause;

(3) GRANTS Jermaine Young leave to proceed against the LaPorte County Sheriff in his official capacity for permanent injunctive relief to receive benefits during Ramadan equal to those provided to Christian inmates during their religious holidays, as required by the Equal Protection Clause and Establishment Clause;

(4) GRANTS Jermaine Young leave to proceed against the LaPorte County Sheriff in his official capacity for permanent injunctive relief to gain permission to possess a kufi and prayer rug, unless restricting these items is the least restrictive means of furthering a compelling governmental interest, as required by RLUIPA;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the LaPorte County Sheriff, Sgt. John Wilcher, Officer Ott, Emilie Van Syoc, and Jeffrey Holt at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the LaPorte County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), the LaPorte County Sheriff, Sgt. John Wilcher, Officer Ott, Emilie Van Syoc, and Jeffrey Holt to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 31, 2023                                     *s/ Damon R. Leichty*
                                                  Judge, United States District Court